UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6195-CR-ZLOCH

UNITED STATES OF AMERICA, )
)
vs. )
)
JIMICK ADAMS, )
)
Defendant. )
_____ )



### GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The United States of America hereby files this response to the Standing Discovery Order issued in this case. This response is numbers to correspond to that Order.

- A. 1. None.

  2. There is an oral statement made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government will offer in evidence at trial, other than a personal history taken at the time of arrest. This statement will be produced upon receipt.

  3. The defendant did not testify before the Grand Jury.

  4. The criminal record of the defendant is attached.

  5. Books, papers, documents, etc., which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected by making an appointment with undersigned counsel. Such items include, but are not limited to, the following, copies of which are attached: 9/8/99 Laboratory Report; 11/8/99 Laboratory Report; report regarding photographic line-up identifications of defendant by Benjamin Combs, Ricky Bell and Allan Velez and copies of photographic line-ups used; defendant's NY certified criminal history record and booking fingerprints from said conviction; copy of defendant's State of Florida identification card; federal and state Firearms Information form executed by defendant on 9/16/96; defendant's monthly probation reports dated 1/31/98, 3/31/98. 4/30/98, and 5/31/98; report regarding seizure of Mossberg shotgun; ATF form 4473 completed by defendant on 1/8/99; Peoples Pawn Shops pawns slip dated 12/5/98.



      6.    There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.    The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made to pursuant to Rule 16(b) of the **Federal Rules of Criminal Procedure**.

C.    The government is aware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady. See attached report regarding interview conducted of Alejandro Brito.

D.    The government is unaware of any payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses within the scope of Giglio or Napue.

E.    The government is unaware of any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    The defendant was identified in a line-up, show-up, photo spread, or similar identification proceeding. See response in A5.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise.

I.    The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcribed the Grand Jury Testimony of all witnesses who will testify for the government at the trial of this cause.

K.    Controlled substances were not involved in this investigation.

L.    The government does not know any automobile, vessel, or aircraft allegedly used in the commission of this offense that remains in police custody.

M.    The government is aware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. See attached one page latent examiner's report.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the **Federal Rules of Criminal Procedure**, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the **Federal Rules of Criminal Procedure**, in accordance with Rule 12.1 of the **Federal Rules of Criminal Procedure**, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense were:

1. Date: On or about August 9, 2000
   Place: Parkland, Florida

                                      Respectfully submitted,

                                      GUY A. LEWIS
                                      UNITED STATES ATTORNEY

By:      _____
                                      DONALD F. CHASE, II
                                      ASSISTANT UNITED STATES ATTORNEY
                                      COURT NO. A5500077
                                      500 E. Broward Blvd., Suite 700
                                      Ft. Lauderdale, FL 33394
                                      Telephone: (954) 356-7255
                                      Fax: (954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 17th day of November, 2000 to Patrick Hunt, Assistant Federal Public Defender, 101 N.E. 3rd Ave., Ft. Lauderdale, FL 33301.

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY