UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.00-6195-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JIMICK ADAMS,

    Defendant.
_____ /

## MOTION FOR DOWNWARD DEPARTURE

Defendant, Jimick Adams, through counsel, respectfully moves pursuant to U.S.S.G. § 5K2.0 for a downward departure based upon extraordinary family responsibilities, and in support states as follows:

While the Sentencing Guidelines provide that family ties and responsibilities are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range, see U.S.S.G. §§ 5H1.6, district courts may depart downward from the applicable guideline range upon a showing of extraordinary circumstances. See United States v. Cacho, 951 F.2d 308, 311 (11th Cir. 1992). In United States v. Koon, 116 S.Ct 2035 (1996), the Supreme Court stated that discouraged downward departure factors (such as physical condition and family responsibilities) can serve as basis for downward departures in exceptional cases. See Koon, 116 S.Ct. 2045. Federal courts have found departures particularly warranted in cases where a defendant's incarceration would cause harm to vulnerable and dependent children. See, e.g., United States v. Gauvin 173 F.3d 798



(10th Cir. 1999); United States v. Johnson, 964 F.2d 124 (2nd Cir. 1997); United States v. Wehrbein, 61 F.Supp.2d 958 (D. Neb 1999). This is a case in which a downward departure is warranted.

As the oldest of four children in a single parent household, Jimick Adams has always had a great deal of family responsibility. His mother has had serious medical problems since his childhood, suffering from AIDS, diabetes and lupus. As a result, Mr. Adams took on much of the responsibility of raising his younger siblings, while also dealing with physical abuse from his mother. Mr. Adams' mother still resides with him, his wife and children, and has relied on him to care for her for the past several years. (See PSI at 8).

Mr. Adams and his wife Doreen have six children at home ranging in age from nine to one year old. All of them suffer from asthma, and one, Quanisha, suffers from epilepsy accompanied by seizures. With Mr. Adams incarcerated, Doreen Adams is now the sole economic support for the family. Due to Mr. Adams' mother's poor health, however, they have not been able to rely on her to help care for the children while Doreen is at work. Mr. Adams' mother has been hospitalized three times since Mr. Adams' arrest, and is currently in the hospital, leaving no one to assist with the children at home. Consequently, Doreen has missed numerous days of work in order to take care of the children.

Jimick Adams' offense is a non-violent offense involving the pawning of a firearm. His only prior conviction is nearly six years old, and he received a sentence of probation. Because of his current detention, his family is suffering extraordinary financial and other hardships. The particular facts and circumstances of this case and this defendant would justify a downward departure based upon family responsibilities. Accordingly, Defendant respectfully asks the Court to depart

downward from the otherwise applicable guideline range and to impose a lesser sentence than that called for by the guidelines.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Patrick M. Hunt
Assistant Federal Public Defender
Florida Bar No. 571962
Attorney for Defendant
One East Broward Blvd., Suite 1100
Fort Lauderdale, Florida 33301
(305) 356-7436 / 356-7556 (Fax)

CERTIFICATE OF SERVICE

I certify that copy of the aforementioned motion was mailed on this 26th day of April, 2001 to Don Chase, Assistant United States Attorney, at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 and United States Probation Officer Tracey Webb at 299 E. Broward Blvd., Ft. Lauderdale, FL 33301.

_____

Patrick M. Hunt